IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEIN MEDIA GROUP LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-794 (CFC) |
| | : | |
| BEIN.QA, | : | |
| | : | |
| Defendant *in rem.* | : | |

Rodger D. Smith II, Michael J. Flynn, MORRIS, NICHOLS, ARSHT &
TUNNELL LLP, Wilmington, Delaware; Peter H. Kang, Ash Nagdev, SIDLEY
AUSTIN LLP, Palo Alto, California; Theodore W. Chandler, SIDLEY AUSTIN
LLP, Los Angles, California

*Counsel for Plaintiff*


## **MEMORANDUM OPINION**


December 20, 2019
Wilmington, Delaware

COLM F. CONNOLLY,
UNITED STATES DISTRICT JUDGE

Pending before me is Plaintiff beIN Media Group LLC's renewed motion for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). D.I. 23.

## I. Background

beIN Media is a global media company that owns the trademark to "BEIN." D.I. 1 ¶ 2. It filed this *in rem* action under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d), against Defendant domain name <bein.qa>, alleging that the registrant of <bein.qa>, non-party Honza Jan Zicha, registered and threatened to use the domain name in bad faith to extort money from beIN Media. *See generally* D.I. 1. <bein.qa> is registered with IP Mirror pte Ltd, a registrar located in Wilmington, Delaware. *Id.*, Ex. 1.

beIN Media filed an action in California that is identical to this action in all respects except that it names as defendants other "bein" domain names owned by Zicha that have a registrar located in the Southern District of California. *See beIN Media Group LLC v. BEIN.AE*, 2019 WL 1129153 (S.D. Cal. March 11, 2019). The California court entered a default judgment in beIN Media's favor. *Id.* at *7. beIN Media also filed a similar action in the District of Massachusetts against "bein" domains owned by Zicha that have a registrar located in Massachusetts.

*beIN Media Group LLC v. bein.com et al.*, 1:18-cv-11061 (D. Mass. May 21, 2018). The Massachusetts court entered judgment "in favor of [beIN Media] and against Mr. Zicha." *Id.*, D.I. 43 at 3.

On May 31, 2018, beIN Media served Zicha with the Complaint and Summons at Zicha's residence in the United Kingdom. *See* D.I. 6. Shortly after service, beIN Media and Zicha met in person and the parties agreed to a settlement. *See* D.I. 10. As part of the settlement agreement, Zicha agreed to transfer and assign the <bein.qa> domain name to beIN Media. *See* D.I. 7. On July 12, 2018, the Court signed a stipulated order that transferred the domain name <bein.qa> to beIN Media. D.I. 9 at 1. The stipulation was signed by Zicha's counsel.

On January 30, 2019, beIN Media filed a Request for Entry of Default against Defendant and submitted a Bill of Costs. D.I. 10; D.I. 13; D.I. 19. On March 6, 2019, the Clerk entered default against Defendant. D.I. 20. Defendant has yet to file a pleading in this case.

beIN Media argues that a default judgment is warranted because Zicha has refused to cooperate in the entry of judgment. beIN Media requests an award of $2,000.00 in statutory damages, costs in the amount of $628.62, and attorneys' fees in the amount of $12,571.60, for a total judgment of $15,200.22. D.I. 16. beIN Media contends that Zicha agreed to entry of final judgment as part of the

settlement agreement and that a judgment is necessary for it to recover damages from Zicha. D.I. 17 at 3–4.

## II. Legal Standards

Entry of default judgment is a two-step process, and a default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure must be preceded by an entry of default under Rule 55(a). Pursuant to Rule 55(a), the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After entry of default, if the relief sought against the defaulted party is not for a "sum certain or a sum that can be made certain by computation," the party seeking default judgment must apply to the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2). Default judgments are generally disfavored in the Third Circuit, *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008), but are left to the discretion of the trial court, *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d. Cir. 1984). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3)

whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000).[1]

## III. Discussion

Considered in their totality, the three relevant factors warrant entry of a default judgment. Although it is unclear if <bein.qa> has a litigable defense, it is clear that beIN Media will continue to suffer prejudice absent entry of a judgment, since otherwise it has no means of obtaining the relief it seeks. It is also clear that <bein.qa>'s delay is the result of Zicha's culpable conduct. The emails and affidavits submitted by beIN Media and the pleadings of the action filed by beIN Media in Massachusetts establish that: Zicha lives in the United Kingdom; he received service of the Complaint; he knows about the filings that have occurred in this case as well as the California and Massachusetts actions; he entered into a settlement agreement with beIN Media; he later decided not to abide by the terms of the settlement agreement; and he has decided not to file an answer or other

---

[1] "Before entering a default judgment against a party that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Wilmington Savs. Fund Soc., FSB v. Left Field Props., L.L.C.,* 2011 WL 2470672, at *1 (D.N.J. June 20, 2011) (internal quotation marks and citations omitted). For the reasons stated in the parallel case filed in the Southern District of California, this Court has subject-matter jurisdiction over this case and *in rem* jurisdiction over the <bein.qa> domain name, which is registered in Delaware. *beIN Media,* 2019 WL 1129153, at *2–5.

responsive pleading in this action. Accordingly, the Court will enter a default judgment in favor of beIN Media and against <bein.qa>.

For the reasons stated in *beIN Media Group*, 2019 WL 1129153, *6–7, the Court does not believe that beIN Media is entitled to statutory damages, costs, or attorneys' fees.

## IV. Conclusion

For the reasons discussed above, the Court will grant in part and deny in part beIN Media's renewed motion for entry of a default judgment. The Court will enter a default judgment in beIN Media's favor, but it will not award beIN Media damages, costs, or attorneys' fees.

The Court will issue an Order consistent with this Memorandum Opinion.